[Cite as *Demore v. Cuyahoga Cty.*, 2017-Ohio-5812.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104940**

## ANGELINA DEMORE

PLAINTIFF-APPELLEE

vs.

## CUYAHOGA COUNTY, ET AL.

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-827581

**BEFORE:** Laster Mays, J., Kilbane, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 13, 2017

-i-

**ATTORNEYS FOR APPELLANTS**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:   Dale F. Pelsozy
         Nora Graham
Assistant County Prosecutors
Justice Center, 8th Floor
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Mitchell A. Stern
Mitchell A. Stern, L.P.A.
27730 Euclid Avenue
Cleveland, Ohio 44132

David E. Nager
Nager, Romaine & Schneiberg Co., L.P.A.
27730 Euclid Avenue
Euclid, Ohio 44132

**For Bureau of Workers' Compensation**

Mike DeWine
Ohio Attorney General

By:   Frank J. Mamana
Assistant Attorney General
615 West Superior Avenue, 11th Floor
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant, Cuyahoga County ("county"), appeals the jury verdict in favor of plaintiff-appellee, Angelina Demore ("Demore") in her workers' compensation appeal. We reverse the trial court's findings.

## I. Facts and Background

{¶2} Demore worked as a customer service representative for Cuyahoga County Department of Job and Family Services. On April 27, 2011, she slipped and fell on both knees in the cafeteria. Demore filed for workers' compensation fund participation that was approved for a strain to her right quadriceps, and bilateral knee/patellar contusion. On January 25, 2012, Demore filed for additional allowances asserting injury to her right chondromalacia patella, and derangement of the right lateral and medial menisci.

{¶3} On March 20, 2012, the Bureau of Workers' Compensation's district hearing officer allowed the patella injury, but disallowed the meniscus injuries. On April 27, 2012, the staff hearing officer reached the same conclusion. On May 21, 2012, the Ohio Industrial Commission refused to accept the appeal. Demore appealed to the Cuyahoga County Court of Common Pleas pursuant to R.C. 4123.513.[1] The case was dismissed under Civ.R. 41(A)(1)(a) and refiled with a jury demand on May 30, 2014.[2]

---

[1] *Demore v. Cuyahoga Cty.,* Cuyahoga C.P. No. CV-12-787268.

[2] *Demore v. Cuyahoga Cty.,* Cuyahoga C.P. No. CV-14-827581.

**{¶4}**     The county filed proposed jury instructions, interrogatories, and a general verdict form on April 16, 2015.   At the end of the two-day trial, the trial court determined that a general verdict form[3] would not be submitted to the jury, electing to submit only the interrogatories, and that the court would enter judgment based on those responses.

**{¶5}** The trial court accepted jointly proposed interrogatories submitted by the parties:

> The Court:     The [c]ourt has received the suggested [i]nterrogatories from [the] parties.
>
> The form reads, "Do you find by a preponderance [of]   the evidence that the Plaintiff Angelina Demore suffered from right derangement of lateral meniscus?   Yes/No.["]
>
> Do you find by a preponderance of the evidence that Plaintiff Angela [sic] Demore's right derangement lateral meniscus was proximately caused by the April 27th, 2011 accident? Answer calls for a yes or no.
>
> Same thing is applicable for the right derangement medial meniscus.

(Tr. 205.)    The parties agreed that the trial court interpreted the instructions correctly.

**{¶6}**     The trial court rejected the county's request for preparation of a general verdict form, "I'm not going to do that. The objection is noted."    (Tr. 206.)

**{¶7}**     The trial court instructed the jury on the interrogatories:

---

[3]    The county's proposed general verdict form asked whether Angelina Demore is, or is not, entitled to participate in the workers' compensation fund for right derangement lateral meniscus and right derangement medial meniscus.

You're going to tell us what your decision is by way of completing what we refer to as [i]nterrogatories. I'm going to go backwards. I'm going to read these to you. First [i]nterrogatory reads as follows: Do you find by a preponderance of the evidence that Plaintiff Angelina Demore suffers from right derangement lateral meniscus?

You'll have an opportunity to enter your answer by circling either yes or no. You'll see there are eight signature lines on the bottom in order for a decision on an [i]nterrogatory or verdict or whatever to be such, six or seven or eight of the jurors must answer that particular question.

You'll then see that there are instructions below that read as follows: Only those jurors agreeing with the answers to this [i]nterrogatory are to sign. If you answer yes, you go on to the next [i]nterrogatory. If you answer no, you skip [No.] 2 and go on to [No.] 3.

[No.] 2 reads as follows: Do you find by a preponderance of the evidence that Plaintiff Angelina Demore's right derangement of the lateral meniscus was proximately caused by her [April 27, 2011] accident?

You'll either answer yes or no. Again, there are eight signature lines. Again, only those people that answer that particular [i]nterrogatory, if you answer in the affirmative, go on to complete the next [i]nterrogatory.

The next [i]nterrogatory reads as follows: Do you find by a preponderance of the evidence that Plaintiff Angelina Demore suffers from right derangement of the medial meniscus, yes or no? Again, eight signature lines. Again, instructions below.

And [i]nterrogatory [No.] 4: Do you find by a preponderance of the evidence that Plaintiff Angelina Demore's right derangement of the medial meniscus was proximately caused by her April 27, 2011 accident?

As a result of the answers to these [i]nterrogatories, then the [c]ourt, in turn, will either enter judgment for the Plaintiff or enter judgment for the Defendant depending on how you answer these [interrogatories]. It saves you a step, is what it comes down to.

(Tr. 224-226.)

{¶8} The trial court later added:

I'm actually going to enter a general verdict on your behalf, based upon your responses to these [i]nterrogatories. So the bottom line is I think will be self-explanatory to you. But when you answer these [i]nterrogatories and follow the appropriate instructions when I read them, then I'll let you know who I'm entering judgment in favor of.

(Tr. 237 and 238.)

{¶9} Eight jurors unanimously determined that Demore suffers from derangement of the right lateral and medial menisci. Six jurors concluded that the injuries were proximately caused by the incident. The trial court entered judgment for Demore. "[B]ased upon your decision, the [c]ourt is going to enter judgment in favor of the plaintiff, and we [plaintiff] will be able to participate as it relates to these two body parts." (Tr. 247.)

{¶10} The county's first appeal was dismissed for lack of a final appealable order due to the court's failure to determine fees and costs under R.C. 4123.512(F).[4] The trial court's journal entry upon remand provides that the "parties stipulate to the payment of $4,200.00 for statutory attorney fees pursuant to R.C. Section 4123.512(F) and expenses of $2,413.10 pursuant to R.C. Section 4123.512(D). Parties further stipulate that verdict forms were not submitted to jury. Jury interrogatories have been made part of the record. Court costs assessed as each their own."

{¶11} The county now appeals the final order.

## II.    Assignments of Error

---

[4] *Demore v. Cuyahoga Cty.*, 8th Dist. Cuyahoga No. 103057 (appeal dismissed on December 23, 2015).

**{¶12}** The county poses two assignments of error.

I.    The trial court judge committed reversible error by refusing to submit a general verdict form to the jury, over the objection of defendant, in violation of the mandatory requirements of Civ.R. 49.

II.   The trial court committed reversible error by entering judgment based solely on the jury's responses to interrogatories, resulting in the rendering of a special verdict, which has been abolished under Ohio law.

We respond to the errors in combination for purposes of judicial economy.

**{¶13}** Civ.R. 49 provides:

(A) General verdict.   A general verdict, by which the jury finds generally in favor of the prevailing party, shall be used.

(B) General verdict accompanied by answer to interrogatories.   The court shall submit written interrogatories to the jury, together with appropriate forms for a general verdict, upon request of any party prior to the commencement of argument.   Counsel shall submit the proposed interrogatories to the court and to opposing counsel at such time.   The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the interrogatories shall be submitted to the jury in the form that the court approves.   The interrogatories may be directed to one or more determinative issues whether issues of fact or mixed issues of fact and law.

The court shall give such explanation or instruction as may be necessary to enable the jury both to make answers to the interrogatories and to render a general verdict, and the court shall direct the jury both to make written answers and to render a general verdict.

When the general verdict and the answers are consistent, the appropriate judgment upon the verdict and answers shall be entered pursuant to Rule 58. When one or more of the answers is inconsistent with the general verdict, judgment may be entered pursuant to Rule 58 in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial.

(C) Special verdicts abolished.    Special verdicts shall not be used.

{¶14}    Civ.R. 49(C) special verdicts have a difficult history, described as a "rocky road strewn with innumerable wrecks." Civ.R. 49 comments, citing Sunderland, *Verdicts, General and Special*, 29 Yale L.J. 253, 261 (1920).   In *Schellhouse v. Norfolk & W. R. Co.,*   61 Ohio St.3d 520, 524, 575 N.E.2d 453 (1991), the court determined that submitting the case to the jury based on interrogatories but with "no instruction or form given the jury directing it to return a general verdict" constituted a special verdict as defined by   *Black's Law Dictionary* 1560 (6 Ed.1990).

{¶15}    A special verdict, as explained by *Skidmore v. Baltimore & O. R. Co.*, 167 F.2d 54 (2d Cir.1948), cited in the comments to Civ.R. 49, is also known as a fact verdict because it sets forth the findings of fact the jury made in arriving at its decision. *Id*. at 57; *Phillips v.   Garfield Hts*., 85 Ohio App.3d 413, 418, 620 N.E.2d 86 (8th Dist.1992).

{¶16}    *Phillips* involved a claim by a group of homeowners against the cities of Cleveland and Garfield Heights and several landfill operators whose operations posed a methane gas nuisance.   *Id*. at 415.   The parties agreed that the trial court would submit interrogatories to the jury and, based on the jury's responses, the trial court would enter judgment.   No general verdict forms were provided.   *Id*. at 417.

{¶17}   The homeowners argued on appeal that the ruling of the trial court based on the interrogatory responses constituted a special verdict that is barred by Civ.R. 49(C).   We agreed:

In the case sub judice, by agreement of the parties, interrogatories were submitted to the jury, but it was the trial court that was to render a verdict based upon those answers. Interrogatories are generally used to test the correctness of a general verdict, thereby enabling the court to determine as a matter of law whether such verdict will stand. *Coleman v. Excello-Textron Corp.*, 60 Ohio App.3d 32, 572 N.E.2d 856 (1989). However, pursuant to Civ.R. 49(A), a trial judge must require a jury to render a general verdict in a civil lawsuit for damages. *Schellhouse*, 61 Ohio St.3d 520, 527, 575 N.E.2d 453, 458 (1991).

On the basis of the trial court's error in rendering a "special verdict" below, we have no choice but to reverse this case and remand for a retrial.

*Id.* at 418-419. *See also Calmes v. Goodyear Tire & Rubber Co.*, 61 Ohio St.3d 470, 476, 575 N.E.2d 416 (1991) ("Civ.R. 49 explicitly requires juries to return general verdicts whether or not interrogatories are also returned.")

{¶18} We find here that the trial court improperly submitted the case to the jury solely on interrogatories, stating for the record that the court would enter a verdict based on their responses, constituting a special verdict. Civ.R. 49 mandates that the interrogatories be accompanied by a general verdict.

{¶19} We find merit to the county's arguments and reverse and remand for further proceedings in accordance with this opinion. Appellant's assigned errors are sustained.

{¶20} Judgment is reversed and remanded to the lower court for a new trial.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY EILEEN KILBANE, P.J., CONCURS;
EILEEN T. GALLAGHER, J., CONCURS WITH SEPARATE OPINION


EILEEN T. GALLAGHER, J., CONCURRING:

**{¶21}** I concur with the majority's opinion that the trial court erred in failing to submit a general verdict form to the jury as mandated by Civ.R. 49, but write separately to underscore the fact that failure to abide by Civ.R. 49 is a per se reversible error.

**{¶22}** I realize that remanding the case for a new trial will result in increased costs to the parties as well as increased expenditure of judicial resources.  I am also aware that the failure to submit a general verdict form was harmless in this case because the interrogatories were consistent.  However, there are times when jury interrogatories are inconsistent.  *See, e.g.*, *Schellhouse v. Norfolk & W. R. Co.*, 61 Ohio St.3d 520, 575 N.E.2d 453 (1991).

**{¶23}** Moreover, there are also times when jury interrogatories are inconsistent with the jury's general verdict. *See, e.g.*, *Anousheh v. Planet Ford, Inc.*, 2d Dist. Montgomery Nos. 21960 and 21967, 2007-Ohio-4543 (court properly sent matter back to jury for further deliberations after returning general verdict that was inconsistent with jury interrogatories.).  Indeed, where answers to special interrogatories are inconsistent with

the general verdict, the preferable option under Civ.R. 49(B) is to send the jury back for further deliberations.   *Irvine v. Akron Beacon Journal*, 147 Ohio App.3d 428, 2002-Ohio-2204, 770 N.E.2d 1105 (9th Dist.).

{¶24} For these reasons, the Ohio Supreme Court has made it abundantly clear that "compliance with Civ.R. 49(A) is mandatory," and failure to comply constitutes reversible error.   *Schellhouse* at 527.